# THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* THE STAATS-ZEITUNG COMPANY

*v.*

# THE COMMON COUNCIL OF THE CITY OF CHICAGO.

1. MANDAMUS—*whether it will be awarded where the relator has sought another remedy.* The writ of mandamus is only employed where the party has a legal right, and has no other remedy.

2. So where it appears, upon an application for an alternative writ of mandamus, that the relator has resorted to a court of chancery in such manner as to give to that court full jurisdiction to adjust and enforce the rights sought to be enforced by the writ of mandamus, the writ will be refused.

3. JURISDICTION IN CHANCERY. Under a law requiring the proceedings, notices and ordinances of a city to be published in the newspaper printed in the German language having the largest daily circulation, the common council of the city designated a certain newspaper for that purpose. The proprietors of another newspaper, claiming to be entitled to the printing under the law in question, filed their bill in chancery praying an injunction against the city authorities and the designated newspaper, in respect to the matter of the printing, and praying for general relief in the premises: *Held,* that while there might be grave doubts whether a court of chancery would take jurisdiction for the mere purpose of compelling the proper execution of such law, on the part of the common council, yet having acquired jurisdiction for a purpose clearly within the province of that court, that of awarding an injunction, it might retain the bill for the purpose of ascertaining and enforcing all the rights of the parties properly involved in the subject matter in controversy.

This is an application of "The Illinois Staats-Zeitung Company," for a writ of mandamus, to compel the common council

of the city of Chicago to designate the German newspaper printed and published by the said company in the city of Chicago, and known as " The Illinois Staats-Zeitung," to publish the proceedings, notices and ordinances of said city and the departments thereof, as fully as they are required to be published in the corporation newspaper.

The alleged right sought to be enforced, arises under a law requiring the matters mentioned to be published in the newspaper printed in the German language having the largest daily circulation. The petition alleges that the common council of the city had designated for that purpose, the " Illinois Volks Zeitung," which the relators claim has not so large a daily circulation as the " Illinois Staats-Zeitung," and this is the ground of this application.

Mr. S. A. IRVIN, for the relators, insisted the duty of the common council was ministerial, and one which they could not wilfully refuse to perform, citing *People ex rel.* v. *Supervisors Logan county*, 45 Ill. 165 ; *Ex parte Rossett*, 2 Cow. 459 ; *People* v. *The Judges, etc*, 20 Wend. 659 ; *The People* v. *Rives*, 27 Ill. 246 ; *The People* v. *Head*, 25 Ill. 325 ; *People ex rel. Fuller* v. *Hilliard et al.* 29 Ill. 420 ; 20 Pick. 497 ; *Manor* v. *McCall*, 5 Geo. 522 ; *Hoxie* v. *Co. Comrs.* 25 Maine, 233.

In support of the remedy by mandamus, counsel cited 1 Scam. 458, 473 ; *Parker* v. *Anderson*, 2 P. H. (Va.) 38 ; *Carroll* v. *Board of Police*, 28 Miss. 38 ; 2 Selw. N. P. 261, 307 ; *Rex* v. *Barker*, 3 Burr. 1266 ; *Manor* v. *McCall*, 5 Geo. 525 ; *People* v. *Supervi.* 28 Cal. 429 ; *Borough of Bossing*, 2 Str. 1003 ; *Borough of Aberystwith*, ib. 1157 ; *People* v. *Brennan*, 39 Barb. 651 ; *Regina* v. *Mayor, etc. of Chester*, 34 Eng. L. & Eq. 59 ; *Lamb* v. *Lynch*, 44 Pa. St. R. 336 ; *The State* v. *Wilmington City Council*, 3 Harring. 294 ; *People v. Sup. Ct.* 10 Wend. 285 ; *People* v. *Supervi. Macomb Co.* 3 Gibbs (Mich.) 487 ; *Regina* v. *Burrous*, 30 Eng. L. & Eq. 238 ; *Rand* v. *Townsend*, 26 Vt. 670 ; *State ex rel. Gill* v. *Com. Coun. of Watertown*, 9 Wis. 254.

Mr. I. N. STILES, for the respondents.

Assuming that the law requires the publication of the ordinances, etc. to be made in the German newspaper having the largest circulation, the only tribunal empowered by the legislature to "designate" such newspaper, is the common council. It has already discharged that duty, and has designated a newspaper other than the one represented by the relator. Mandamus will not lie to compel the common council to annul or reverse its decision. *Chicago, Burlington & Quincy Railroad* v. *Wilson,* 17 Ill. 128; *Chase* v. *Blackstone Canal Com.* 10 Pick. 244; *Strong, Petitioner,* 20 Pick. 848; *Decatur* v. *Paulding,* 14 Peters, 513.

The act of the common council in designating the newspaper having the largest circulation, required the exercise of judgment and discretion, and the duty thus to be discharged was of a judicial and not of a ministerial character. In such cases mandamus will not lie. *People* v. *Pierson and cases cited,* 2 Scam. 204; *People* v. *City of Rochester,* 21 Barb. 656; *People* v. *The Contracting Board,* 27 N. Y. 381; *Same* v. *same,* 33 N. Y. 382; *Green* v. *Parnell,* 12 Md. 329; *People* v. *Brennan,* 39 Barb. 651; *People* v. *State Prison,* 4 Mich. 187.

Says ABBOTT, C. J. in *Rex.* v. *Justices of Middlesex,* 4 Barn. & Adolph. 300: "There is not an instance where the King's Bench has granted a mandamus to compel an inferior court to come to any particular decision." In *Rex.* v. *The Justices of Wilts,* 2 Chit. 259, the court refused the writ, although it was of opinion that the decision of the inferior tribunal was wrong.

The relator has sought other means of redress, by bill in equity, against this defendant, injunction issued, the cause is still pending and undetermined in the circuit court of Cook county, and in such case, this court has said that the writ should be denied. *School Inspectors, etc.* v. *People ex rel. Grove,* 20 Ill. 531; *People ex rel. Wallace* v. *Saloman,* 46 Ill. 419.

It is submitted that the alternative writ ought not to issue.

Per CURIAM : This is an application in the name of the people, on the relation of the Illinois Staats-Zeitung Company, for an alternative writ of mandamus, to compel the common council of the city of Chicago to designate the German newspaper printed and published by the said company in the city of Chicago, and known as the "Illinois Staats-Zeitung," to publish the proceedings, notices and ordinances of said city and the departments thereof, as they are required to be published in the corporation newspaper.

The relators assert the right to have the newspaper published by them, designated for that purpose, under the law requiring the proceedings, notices and ordinances of said city to be published in the newspaper printed in the German language having the largest daily circulation in that city, and making it the duty of the common council to designate the same, the relators alleging that their newspaper has a larger daily circulation in the city of Chicago than any other German newspaper.

It is alleged in the petition that the common council, at its regular meeting held on the second Monday in December last, designated a German newspaper called "The Illinois Volks Zeitung," to publish its proceedings, refusing the application of the relators to have "The Illinois Staats-Zeitung" designated for that purpose.

It is made to appear to the court, in this proceeding, that at the time of filing the petition of the relators for the alternative writ of mandamus, there was pending in the circuit court of Cook county a suit in chancery, instituted by these relators against the common council of the city of Chicago, the various other city officers, and the company who publish the "Illinois Volks Zeitung," the German newspaper alleged to have been designated by the common council to publish its proceedings.

The relators sought, by the bill in that suit, and obtained an injunction, restraining the city authorities and the "Volks Zeitung" from executing the purpose for which the latter had been so designated, and the relators, in their bill, pray for "such other relief as is agreeable to equity." That bill is

made an exhibit in the petition of the relators, and a copy is filed therewith.

While there may be grave doubts whether a court of chancery would take jurisdiction for the mere purpose of compelling the proper execution of the law in question, on the part of the common council, yet, having acquired jurisdiction for a purpose clearly within the province of a court of chancery, that of awarding an injunction, it may retain the bill for the purpose of ascertaining and enforcing all the rights of the parties properly involved in the subject matter in controversy.

The writ of mandamus is only employed where the party has a legal right and has no other remedy.

The relators, then, having resorted to a court of chancery in such manner as gives to that court full jurisdiction to adjust and enforce the rights of all the parties interested in this controversy, it would be improper for us, on this application, to undertake to settle the questions involved in that suit, in the mode desired. *People ex rel. Mitchell* v. *Warfield,* 20 Ill. 164; *School Inspectors of Peoria* v. *The People ex rel. Grove,* ib. 531; *People ex rel. Wallace* v. *Salomon,* 46˙ Ill. 419; *People ex rel. Wheaton* v. *Wiant,* 48 Ill. 264.

The alternative writ is denied.

*Mandamus refused.*