# THE PEOPLE *ex rel.* Daniel J. Small

*v.*

## GEORGE M. HUNTOON.

1. APPEAL *lies from a justice of the peace to the circuit court in forcible entry and detainer.* The 14th section of the act of 1872, in regard to forcible entry and detainer, simply confers upon the county court jurisdiction in appeals from justices of the peace, but not exclusive jurisdiction; and under section 62, of the act of 1872, in regard to justices of the peace, there can be no doubt but that the circuit court has jurisdiction of such appeals also.

2. MANDAMUS—*when employed.* The writ of *mandamus* is only employed when the party has a legal right and no other remedy.

3. Where an appeal is pending in the circuit court, the question of its jurisdiction to entertain the appeal can be determined in that suit, and can not be tried upon a petition for a *mandamus* to compel the justice to issue an execution, notwithstanding the appeal.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was a petition for a *mandamus,* to compel a justice of the peace to issue a writ of restitution upon a judgment rendered by him in an action of forcible entry and detainer. The petition sets out the rendering of the judgment by the justice on the 6th of June, 1873, and that the defendant, on the 11th of the same month, filed an appeal bond with the clerk of the circuit court, who took, accepted and filed the same, and issued a summons and *supersedeas,* which were served on the justice; that on the 27th of June, 1873, and more than twenty days after the rendition of said judgment, a demand for a writ of restitution was made, and the justice refused to issue one; that an application had been made to the circuit court to dismiss the appeal, which it refused to do, and retains the same on its docket for trial.

Mr. W. T. BURGESS, for the plaintiff in error.

Messrs. FORRESTER & BEEM, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Two questions are presented by this record for consideration :

*First*—Has the circuit court jurisdiction of an appeal from a justice of the peace, in an action of forcible entry and detainer or forcible detainer.

*Second*—Will a petition for a *mandamus* lie when the same question raised by the petition is pending in the circuit court in an appropriate case, and can there be decided.

It is insisted by the relator, that an appeal can not be taken from a justice of the peace in an action of. forcible entry and detainer, or forcible detainer, to the circuit court; that the county court has exclusive jurisdiction of appeals in those cases.

Section 14, of the act of 1872, in regard to forcible entry and detainer, declares : "If either party shall feel aggrieved by the verdict of the jury or the decision of the justice on any trial had under this chapter, he may have an appeal to the county court, to be obtained in the same manner and tried in the same way as appeals from justices of the peace in other cases."

This is the section relied upon to give the county court exclusive jurisdiction in that class of cases. If this section was considered alone, without reference to other sections of the statute, the most that then could be said of it is, it merely conferred jurisdiction on the county court, without pretending to deprive any other court of a like jurisdiction, or pretending to confer exclusive jurisdiction on the county court.

Had the legislature intended to confer exclusive jurisdiction on the county court, certainly different language would have been used to convey that meaning. But when this section is compared with other sections of the act of 1872, passed by the same body, the question does not seem to be one upon which there can be any well founded or serious doubt.

The second section of the act of 1872, increasing the jurisdiction of the county court, provides, that the county court shall have concurrent jurisdiction with the circuit court in all cases of appeals from justices of the peace and police magistrates, provided appeals from the county judge, when sitting as a justice of the peace, shall be taken to the circuit court, as now.

While it is true this section does not confer appellate jurisdiction on the circuit court, yet it shows, very clearly, that it was not the intention of the legislature to confer exclusive jurisdiction on the county court in any class of appeal cases, but merely to give that court a concurrent jurisdiction with the circuit court.

If, however, there was any doubt in regard to the proper construction to be given to the two sections referred to, that doubt must be entirely removed by section 62 of the act in

regard to justices of the peace, laws of 1872, page 535, which is as follows: "Appeals from judgments of justices of the peace to the circuit or county court, if such jurisdiction shall be conferred upon the county court by law, shall be granted in all cases. except on judgment confessed."

The language here used is general, and seems to embrace all cases; and, under this act, if the courts could hold that an action of forcible entry and detainer could not go by appeal to the circuit court, it could, with the same propriety, be held, that an action of replevin or trover could not be appealed to the circuit court.

It is evident, from another fact, that the legislature did not intend to give the county court exclusive jurisdiction in these cases, for the reason that, by the last section of the act of 1872, increasing the jurisdiction of the county court, it was provided, the act should not apply to counties having a population of 100,000 inhabitants. If the position of the relator is correct, the effect of this would have been, that in Cook county the decision of the justice in those cases would have been final, because the jurisdiction of the county court in that county was confined to probate matters. It can not be pretended that it was the intent of the legislature to deprive the people of Cook county of the right of appeal in those cases—and such would be the effect of the argument of the relator. The fact that this section was declared unconstitutional. does not, in the least, affect the argument as to the intent of the legislature in regard to the court to which the appeal should be taken.

The petition for *mandamus* can not be maintained, upon another ground.

The identical question raised by the petition was before the circuit court of Cook county, in the forcible detainer case appealed to that court by the defendant in that suit. The question as to the jurisdiction of the circuit court to entertain the appeal, could there be determined.

Such being the case, the relator had no right to a writ of *mandamus.*

This writ is only employed where the party has a legal right, and no other remedy. *School Inspectors of Peoria* v. *The People ex rel. Grove,* 20 Ill. 526 ; *The People* v. *City of Chicago,* 53 Ill. 424; *The People* v. *Wiant,* 48 Ill. 268.

The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*