COMMISSIONERS OF HIGHWAYS, TOWN OF EARL

v.

THE PEOPLE EX REL.

1. HIGHWAY—MAMDAMUS TO COMPEL OPENING.—The writ of mandamus is a descretionary writ, and will only issue where it appears that by law it ought to issue. Commissionsers of highways cannot be compelled by mandamus to open à road over land, to a portion of which the right-of-way has not been obtained, either by grant, release, or condemnation.

2. FINDINGS OF SUPERVISORS ON APPEAL NOT CONCLUSIVE.—The findings of the supervisors, on appeal from the refusal of the commissioners to lay out a road, are not conclusive upon the question of right-of-way. They had no jurisdiction by notice to condemn the land in question, and did not attempt to condemn it.

3. DE MINIMIS.—The fact that the quantity of land taken is very small is no reason why the courts should disregard the legal rights of the parties.

APPEAL from the Circuit Court of LaSalle county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed November 1, 1879.

Mr. C. H. BRUSH and Messrs. LELAND & GILBERT, for appellants; that the commissioners had no power upon a petition for a road four rods wide to lay out one fifty feet wide, cited Road and Bridge Law 1877, §§ 24, 32, 34; Commissioners v. The People, 2 Bradwell, 24.

It is a sufficient answer to the petition for mandamus, to show that the damages assessed have not been paid: Norton v. Studley, 17 Ill. 556; Hall v. The People, 57 Ill. 307.

Messrs. RICHOLSON & SNOW, for appellees; that the commissioners have a discretion, within certain limits, as to the width of the road, cited Bull v. Board of Supervisors, 84 Ill. 303.

The supervisors had jurisdiction, and their findings are conclusive as against a collateral proceeding: Wells v. Hicks, 27 Ill. 343; G. & C. U. R. R. Co. v. Pound, 22 Ill. 401; Hinkle v. Commissioners, 58 Ill. 422; Weiner v. Heintz, 17 Ill. 259.

The proceedings of the supervisors and commissioners can only be inquired into by *certiorari:* Commissioners v. Harper, 38 Ill. 104.

LACEY, J. This was a petition for mandamus by appellees, to compel appellants, the commissioners of highways, to open a public highway laid out by order of three supervisors, on appeal to them, and to compel the commissioners to give to the supervisor of Earl a statement of the amount necessary to be raised by taxation to pay the damages occasioned by the· laying out of said road, etc.

It appears by the petition that the proposed road was petitioned to be laid out sixty feet wide by the necessary number of legally qualified voters, from the N. E. corner of Sec. No. 31 to N. W. corner of the same section, the center of the road

to be the line between sections 30 and 31.   The petition for mandamus shows the petition to the commissioners, their refusal to lay out the road, the appeal to the supervisors, and their subsequent order, reversing the action of the commissioners, and the laying out of said road, alleging that the following are the only persons controlling real estate adjacent to and along the line of said road, viz.:   Martin Harthan, James Hesbet, F. Torman, Louis Shultz, Fritz Turk, Carl Zersch and Andrew Klein; that Harthan, Hesbet and Torman had each released damages by proper conveyances; that by agreement Shultz, Turk and Zersch had executed releases for $100, $155 and $55 respectively.   That Klein's· damages had been assessed by a jury at $250.   That the supervisors had decided the amount not an unreasonable burden, and had ordered the road opened, after causing a survey and plat to be filed, etc.   The petition contained all necessary averments in regard to the amount of tax, etc.

The commissioners answered that the petition presented to commissioners prayed for a road four rods wide and did not set forth the names of the owners of lands over which the road was to pass, and averred that Lavina Wallace is the owner in fee of the undivided one-seventh, and Laura E. White, Earl White and George White are the owners in fee of another undivided one-seventh of lot 3, in the N. W. ¼ of Sec. 31, and were each such owners at the time the road was laid out, and said road passes through said lot 3.   That their damages had never been released; that all were minors except the first named. The answer was demurred to and the demurrer sustained, and a peremptory writ of mandamus awarded.   This presents the question whether the appellants ought to be compelled to proceed to open a public highway over land to a portion of which the right-of-way has never been extinguished, either· by grant, release or condemnation.

It would seem that there ought not to be much question that the court by its writ would never compel the commissioners of highways to do an illegal act, or to commit a trespass.

The writ of mandamus is a discretionary writ, and will only issue in a case where it appears that by law it ought to issue,

and the court will not order it in doubtful cases. The court will act on existing facts, and will view the whole case with a due regard to its action. People v. Glann, 70 Ill. 232; People v. Ketchum, 72 Ill. 212; People v. Huntoon, 71 Ill. 536.

The Constitution secures every man in the right of his freehold. It cannot be taken or damaged without just compensation, and cannot be taken for public use without his consent, except that the assessment be made by a jury legally selected, and then the land condemned must be paid for before taken.

Suppose damages were assessed in a legal and proper manner, the road could not be opened without the tender of the damages awarded. Can it then be contended that the land shall be taken and the road opened without even an assessment of damages? And as long as the road cannot be legally opened, it would be improper to burden the people by levying a tax to pay damages that could avail nothing.

It is contended by appellees that the supervisors had jurisdiction of the subject-matter of the petition and jurisdiction to order the road opened, and that their findings are conclusive. The answer to this is that they had no jurisdiction by notice to condemn this land, and never did in any way attempt to condemn it.

It is contended because the quantity of the land taken is so small that the court will not regard it. But this certainly could be no reason for taking it without legal right. They have their equal right to the protection of the law.

The judgment of the court below is therefore reversed and the cause remanded.

Reversed and remanded.