WILLIAM M. GLAVES, Administrator, etc., Respondent, v. HUGH P. WOOD, Appellant.

St. Louis Court of Appeals, February 12, 1901.

1. **Married Woman's Act: HUSBAND'S RIGHT IN WIFE'S PROPERTY.** The right of the husband to the personal property and choses in action of his wife, whom he married before the passage of the Married Woman's Act of March 25, 1875, is not affected by the act.

2. ———: ———. But money and choses in action acquired by her after the passage of the act are protected by it and could not be acquired by the husband in any other manner than that pointed out by the act.

Glaves v. Wood.

3. ———: ———: EVIDENCE: STATUTORY CONSTRUCTION. In the case at bar the evidence tends to prove that the wife, by written indorsement on the notes payable to her, assigned and transferred them to her husband.

4. ———: ———. And the purpose and intention of the wife to give full possession and dominion over the notes to her husband, is evidenced by the writing on the notes, and fills the requirements of the statute.

Appeal from the Lewis Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Blair & Marchand* and *O. C. Clay* for appellant.

(1) Even admitting, for the sake of argument, that Mrs. Wood, after her marriage with defendant, claimed, used and managed the property that she had and owned at her marriage with him, these facts would not divest the title out of defendant. Roberts v. Walker, 82 Mo. 208; Woodford et al. v. Stephens et al., 51 Mo. 443; Burns v. Bangert, 16 Mo. App. 22. (2) The petition and evidence showing that said Martha A. Wood and defendant were married March 11, 1875, before the Act of 1875 was passed or took effect, the title to all of the personal property his wife owned at the marriage *eo instanti* vested in defendant; and there is no evidence showing the same ever became divested. Leete v. State Bank, 115 Mo. 184; Meyer v. McCabe et al., 73 Mo. 236; Roberts v. Walker, 82 Mo. 200.

*Sam. B.* and *Jerry M. Jeffries* for respondent.

(1) At common law promissory notes due the wife belong to the husband, provided he reduced them to possession during coverture. Hoop v. Plummer, 14 Ohio St. 448; Tryon v. Sutton, 13 Cal. 490; Little v. Marsh, 2 Ird. (Eq.)

N. C. 18; Shuttlesworth v. Noys, 8 Mass. 229. (2) At common law all of the personal property of the woman became that of the husband on marriage. And if he die before he reduce her choses in action to possession, they survive to her. Thus, if the husband had not recovered the amount due on her notes before he died, they again become her absolute property and descended to her heirs and representatives. Banks v. Markesberry, 3 Litt. (Ky.) 282; Dixon v. Dixon, 18 Ohio St. 113; Ryder v. Hulse, 24 N. Y. 372. (3) The reasonable deduction from the common law, in the light of the statute creating a wife's separate estate unless the husband shall reduce the chose to possession, is that a mere assignment of a chose, it matters not what be the terms of the assignment nor how broad, does not amount to a reduction to possession, but is still a thing in action. Woerner's Law of Am. Admr., page 638; Picket v. Everett, 11 Mo. 568; Leakey v. Maupin, 10 Mo. 368 loc. cit. 372. (4) Among the wife's choses in action are notes and securities taken by the husband in his own name for money belonging to the wife. Leland v. Witkins, 23 Mich. 324; Fowler v. Rice, 31 Ind. 258. (5) Before the husband can claim title to the wife's property, by reason of his having reduced it to his possession, he must show the necessary written assent of the wife. Otherwise he will be held as a mere trustee. Blair v. Railroad, 89 Mo. 382; McCoy v. Hyatt, 80 Mo. 130; Broughton v. Brand, 94 Mo. 169 loc. cit. 174. (6) When the wife sells her real estate for money, the transaction amounts to a purchase of the money with her separate means within the meaning of those terms used in the Married Woman's Act of 1875 (Acts of 1875, page 61). If such money comes into possession of the husband he can not dispose of it without her consent in writing.

BLAND, P. J.—The appeal is from an order of the circuit court sustaining a motion for a new trial. The object of

the petition seems to be to compel the appellant to discover and account for notes and money which it is alleged, he has in his possession that belonged to the estate of his deceased wife, of whose estate the respondent is the administrator. The evidence is that appellant and his deceased wife were married in the year 1875, but prior to the taking effect of the Married Woman's Act of March 25, 1875. At the date of the marriage, the wife owned a fee simple title to the undivided two-thirds of some real estate situated in Lewis county, Missouri. From the sale of this land, after the marriage, she realized $1,950. She also held, at the date of the marriage, a promissory note for $300, which was paid to her after the marriage. She also received after the marriage, $150 as a distributee of an estate. It substantially appears that her moneys were loaned out from time to time by her and her husband, at interest, and notes taken therefor, payable to the wife, and that the moneys and notes of the wife and husband were kept separate. She died intestate in 1894. The plaintiff introduced evidence tending to prove that prior to the death of the wife she, by written indorsement on the back thereof, duly assigned and transferred all of her notes to her husband. The sufficiency of this assignment to transfer the notes to her husband and make them his, is the question presented for decision.

The marriage having taken place prior to the taking effect of the Married Woman's Act of March 25, 1875, the right of the husband to the personal property and choses in action of his wife at the time of the marriage is not affected by that act. Winn v. Riley, 151 Mo. 61; Hurt v. Cook, 151 Mo. 416; Leet v. State Bank, 141 Mo. 584. But money and choses in action acquired by her after the passage of the act, are protected by it, and could not be acquired by the husband in any other manner than that pointed out by the act. Winn v. Riley, and Hurt v. Cook, supra.

Glaves v. Wood.

The evidence tends to show that Wood did take possession of his wife's personal property by taking charge of it and moving it to his place of residence. The note of $300 which she had at the time of the marriage was collected after the marriage and paid over to her, and thereafter used with her other moneys in making loans, and so far as the evidence discloses, the husband did not reduce this note or its proceeds to his possession, unless it is included in notes transferred to him by his wife. The proceeds of the note, with other moneys acquired by her after the marriage, as the evidence tends to show, were treated by both himself and his wife as her separate property and were loaned out at interest, and notes taken therefor, payable to the wife, and there is nothing in the evidence by which the money from the $300 note can be distinguished or separated from the other moneys acquired after the marriage. So that the husband's right to the possession of this particular fund, as well as his right to the possession of the other moneys of his wife, is controlled by the Act of 1875 (now section 4340, Revised Statutes 1899). Hurt v. Cook, supra. To entitle him to retain the notes, payable to his wife, he must be able to adduce the written assent of his wife to him to take and dispose of the notes as he may choose, and in respect to any money she may have had on hand at the time of her death, the same rule applies.

In Hurt v. Cook, supra, it was held that a wife can not transfer to her husband a note payable to her individually by a mere blank indorsement of her name thereon. In the case in hand the evidence tends to prove that the wife by written indorsement on the notes payable to her, assigned and transferred them to Wood, her husband. In the Hurt case, to make the transfer effectual, it had to be inferred that that was the purpose of the blank indorsement and that such an inference could not be drawn when the statute required the intention to be ex-

Glaves v. Wood.

pressed in writing. But where, as in this case, as the evidence tends to show, there was a full transfer and assignment of the notes, there is nothing left to inference. On the contrary, the purpose and intention of the wife to give full possession and dominion over the notes to her husband, is evidenced by the writing on the notes, and fills the requirements of the statute.

The cause was tried before Judge TURNER, who gave judgment for the defendant. Pending a motion for new trial, Judge TURNER died. Judge McKEE, his successor, sustained the motion and granted a new trial, but failed, as the practice act requires should be done, to assign any reason for sustaining the motion. The appeal is from the order granting a new trial.

Both the petition and evidence are hazy. The petition seems to be a bill in equity for the discovery of assets of the estate of Mrs. Wood—alleged to be in the possession of Wood —but they are not set out or described with any degree of particularity, and it is difficult to discover just what the plaintiff is *fishing* for. A bill of discovery is not known in our system of jurisprudence. The only method of discovering concealed assets of the estate of a decedent, is the one prescribed by sections 75, 76, 77, Revised Statutes 1899. It may be that the plaintiff can amend his bill so as to conform to the rules of good pleading and on a new trial produce evidence to entitle him to affirmative relief. The learned trial judge, by granting the new trial, afforded him this opportunity. This was discretionary with the trial judge and we will not interfere with that discretion. The judgment is affirmed. All concur.