STATE ex rel. WATKINS, Relator, v. DONNELL MANUFACTURING COMPANY et al., Respondents.

St. Louis Court of Appeals, February 18, 1908.

1. **CORPORATIONS: Stockholders' Right to Examine Books: Mandamus: Another Suit Pending.** Both at common law and under the statute, a stockholder has a right to examine the books and records of the corporation in which he holds stock at seasonable times and for proper purposes; the right to enforce such privilege by writ of mandamus will not be denied on the ground that a bill in equity is pending on behalf of the same stockholder against the corporation and its officers, the purpose of which is to dissolve the corporation and wind up its business; the old chancery bill of discovery no longer obtains in this State and the statutes, authorizing the court to compel the production of books and papers in the power of the opposite party, is not as broad as the right of examination by a stockholder because it is limited to such examination as is essential to the merits of the controversy then pending.

2. ————: ————: ————: **Discretion of Court.** The awarding of a writ of mandamus to allow the examination of the books of a corporation by a stockholder is discretionary with the court;

State ex rel. v. Donnell Mfg. Co.

it is not affected by the existence of possible equitable remedies; notwithstanding the fact that another suit is pending between the same parties where equitable relief is sought, concerning the same matters the court in its discretion may grant the writ unless the relief to be obtained in the equitable proceeding is full, adequate and complete.

Original Proceeding for Writ of Mandamus.

PEREMPTORY WRIT AWARDED.

*Judson Green* for relator.

*Reynolds & Reynolds* for respondents.

NORTONI, J.—This is an original proceeding in mandamus. The relator owns a number of shares of stock in the defendant corporation and desiring to examine the books of the company, made repeated requests at reasonable hours for permission to do so. Although his purpose was entirely proper, the several requests were denied by the officers in charge of the records, and he sued out this writ invoking the command of the law in that behalf. The return to the alternative writ admits relator to be a stockholder and admits as well other essential facts which clearly show him to be entitled to the relief sought, unless it be that he is precluded by virtue of an equitable proceeding now pending in the circuit court between the identical parties. The return pleads, and it is insisted on the part of respondents, that there is now and has been for some time pending in the circuit court of the city of St. Louis, a certain proceeding in equity wherein the present relator is plaintiff and the present respondents are defendants; that the object and purpose of that suit is to obtain the appointment of a receiver for the purpose of taking charge of the assets and business of defendant corporation, liquidating the same and to enjoin the officers of such company from interfering with its management

by the receiver to be appointed, and after paying its debts and obligations, to divide the amount realized from the assets among the stockholders, wind up its affairs and dissolve the corporation.    It is insisted the court should deny the writ of mandamus for the reason the circuit court has ample and complete authority to cause the defendant to produce the books and records for plaintiff's examination in that cause.    We are not persuaded, however, by this argument.    The proposition is well settled to the effect that under the common law, a stockholder of a corporation has a right to examine its books and records at reasonable times; that is, at such hours as will not needlessly annoy the officials of the company or interfere with the conduct of its business.    There are numerous well-considered cases and authorities in both this country and England affirming and supporting the doctrine.    A number of cases in point are collated and cited in State ex rel. Johnson v. St. Louis Transit Co., 124 Mo. App. 111, 100 S. W. 1126.    Aside from this, our statute, sec. 966, Mo. Ann. St. 1906, R. S. of Mo. 1899, sec. 966, although not as comprehensive as the common law right, in part affirms the same.    The statute referred to in no manner operates as a limitation on the stockholders' common law right of inspection, however.    [State ex rel. Doyle v. Laughlin, 53 Mo. App. 542.]    As will be noted, the common law right of the stockholders to inspect the books of the corporation is broad and comprehensive.    It is subject only to the limitations that the inspection shall be for a proper purpose and at a proper or convenient time and place.    It is conceded that mandamus is the proper remedy for the enforcement of the right mentioned.    As we understand it, the respondents do not controvert the law proposition thus stated.    The argument advanced to justify their conduct in this case is that as an award of the writ of mandamus is discretionary with the court, it should be denied for the

reason there is now pending a suit in equity in which case the circuit court is clothed with authority to enforce plaintiff's right to an inspection. Now it is certain that the old chancery bill of discovery is no longer allowed in this State, for the reason our statute has provided a more convenient mode by which the purpose of such bills can be attained. [Bond v. Worley, 26 Mo. 253; Blanke v. St. Louis etc. Mining Co., 35 Mo. App. 186; Glaves v. Wood, 87 Mo. App. 92.] Whatever rights therefore the relator in this case may have as plaintiff in the equity proceeding mentioned to enforce such inspection, is vouchsafed to him in sections 737 to 741, Revised Statutes 1899; Mo. Ann. St., secs. 737 to 741. As will appear by an examination of these sections, they authorize the court to compel a party to a suit pending before it, to produce the books, papers and documents in his possession or power, relating to the merits of the suit or its defense. There is no question about the power of the court to enforce such production and permit such an examination as is essential to the merits of the controversy then pending. [See State ex inf. Hadley v. Standard Oil Co., 194 Mo. 124, 91 S. W. 1062.] Be this as it may, the relator in this case has a clear legal right to inspect the corporation books which is much broader than that vouchsafed in the statute. While it seems the statute is remedial in so far as the merits of the controversy then pending is concerned, the right of the relator sought to be enforced here goes quite beyond the merits of the controversy in the equitable proceeding pending in the circuit court. It may be that he does not intend or desire to further prosecute that suit, and it may be that he does not desire the information sought for the purpose of employing it in that suit. He has a broad legal right as a stockholder in the defendant corporation to look into its books at proper times and places and for a proper purpose, not-

withstanding the suit pending in the circuit court, and this right the members of this court are not inclined to curtail or deny. It seems that officers of some corporations nowadays feel that they absolutely own the books of concerns in their charge and because they represent possibly a majority of the stock, can deny the small stockholder his rights in the premises for no other reason than that their interests or those which they represent, are greater than his. Of course, there is not a principle of law which will support such a practice. The conduct of corporation officers in such cases is indeed reprehensible and contrary to the most fundamental principles of justice. When the right of inspection is sought for a proper purpose and at a proper time, it is indeed an outrage upon the rights of property to deny one who has invested means in corporate stock an inspection of the company's books and thus preclude his rights to examine and ascertain the full value of his own property. The courts should certainly not recede one iota from the wholesome rule of law above referred to, but on the contrary, should vigorously maintain and enforce it in the full measure of its application as a broad principle of natural justice, conducive to honesty and fair dealing among men.

However, the argument advanced must be examined and disposed of on its merits. Now, while it is true the writ of mandamus is an extraordinary remedy, the awarding of which is within the discretion of the court, it is likewise true that when the relator shows a clear legal right to the relief sought and there appears no other adequate remedy therefor, the court should exercise a sound discretion in accord with the rules of law and award the writ rather than arbitrarily withhold its issuance. [19 Amer. and Eng. Ency. Law (2 Ed.), 717, 718, 720, 725; People v. City of Chicago, 53 Ill. 424; Durfee v. Harper, 22 Mont. 354-371; Merill on Mandamus, secs. 65-70.] It is the law, too, that the

power to grant the writ is not affected by the existence of possible equitable remedies, for while such remedies are proper subjects of consideration in exercising a judicial discretion, they cannot be permitted to interfere with or defeat a free exercise of that wise discretion with which the law invests the court in such cases. [2 Spelling's Inj. & Extra. Rem. (2 Ed.), sec. 1376; People v. State Treasurer, etc., 24 Mich. 468; High's Extra. Legal Rem. (3 Ed.), sec. 20; 19 Amer. and Eng. Ency. Law (2 Ed.), 747.] There is nevertheless, beyond controversy a well-established rule in our jurisprudence to the effect that when a proceeding in equity is pending between the same parties at the time of the application for mandamus, in which suit the relief sought by mandamus could be fully administered, it is entirely proper for the court to decline to issue the writ. It is said in such cases the familiar principle obtains that as between courts of co-ordinate powers, the one first acquiring jurisdiction of the cause, being fully empowered to afford complete relief, will not be disturbed nor interfered with but allowed to retain jurisdiction and determine the controversy. The rule proceeds as well in the interest of the peace and repose of society to the end that there shall not be a multiplicity of suits and endless litigation over rights which are a proper subject of determination in one proceeding. [19 Amer. and Eng. Ency. Law (2 Ed.), 747; Spelling's Inj. & Extra. Rem. (2 Ed.), 1376; High's Ex. Legal Remedies (3 Ed.), sec. 21; Hardcastle v. Railroad, 32 Md. 32-36; People v. City of Chicago, 53 Ill. 424; School Inspectors of Peoria v. People, 20 Ill. 530.] In these circumstances, however, it is essential, in order to defeat the right of mandamus, that the court possessed of the prior equitable suit between the parties shall be empowered to grant the full measure of relief to which the party is entitled. In other words, the court must be possessed of the power to grant the identical relief and all of the relief, to

which the relator has a clear legal right, and if full and adequate relief may not be granted in the prior proceeding, then its pendency in no manner precludes the right of mandamus. [Hardcastle v. Railroad, 32 Mo. 32; People v. City of Chicago, 53 Ill. 424; Durfee v. Harper, 23 Mont. 354-370-371; High's Ex. Legal Rem. (3 Ed.), sec. 22; 2 Spelling on Inj., etc. (2 Ed.), 1376; 19 Amer. and Eng. Ency. Law (2 Ed.), 746, 747.]    In the equity suit now pending in the circuit court, that court could do no more than order and enforce the production and permit an inspection of the books for the purpose of that litigation, whereas the relator has a clear legal right as stockholder to inspect the books and take memoranda thereof if need be, for other legitimate purposes, irrespective of the suit pending in the circuit court.

The other questions in the return have been fully considered by the court. We do not deem them of sufficient merit however, to warrant discussion at the expense of prolonging the opinion. For the reasons given, the peremptory writ will be awarded. *Bland, P. J.,* concurs; *Goode, J.,* not sitting.