**GRAYBURG OIL CO. et al. v. JARRATT et al.**
(No. 2270.)

Court of Civil Appeals of Texas. El Paso.
April 4, 1929.

Victor Keller, of San Antonio, for appellants.

Ball & Seeligson, of San Antonio, for appellees.

HIGGINS, J. Appellees Jarratt, Farmer, Beretta, and Parker, stockholders in the Grayburg Oil Company, a corporation, brought this suit against said corporation, its president, Dr. F. L. Thomson, and its secretary, Mrs. E. Palmer, to compel, by mandamus, the individual defendants to permit the plaintiffs, in connection with accountants and stenographers employed by them, to inspect the stock books and all other books, statements, correspondence, and records of the corporation, in order that said accountants might render to plaintiffs, as stockholders, a full and complete audit of the financial condition of said corporation and names of its stockholders.

It was alleged that on or about May 10, 1928, appellee Jarratt, for himself and on behalf of the other appellees, requested Dr. Thomson, the president of the company, the right to examine the books and records of said corporation, and to be furnished with the names of the stockholders of said corporation, and that this request was refused.

Defendants below, appellants here, in their answer denied under oath that Jarratt ever made request of Thomson, president of the Grayburg Oil Company, the right to examine the books and records of the company, and that none of appellees at any time ever made a request of appellants, or any of them, to be permitted to examine the books and records of said corporation and to have a full and complete audit of its affairs made for the purpose of ascertaining the exact condition of the financial affairs of the corporation; that no stockholder of the company has ever been refused the right to have an audit made as to the financial condition of the company.

Appellants further represented that it was not the desire of appellees to inspect the books and records for the purpose of ascertaining the condition of the financial affairs of the corporation, but the purpose was to obtain a list of stockholders of the company, with their addresses, so that they might communicate with them and make to them false and untrue charges against appellants, or some of them, relative to the management of the business of the company, thereby injuring the business of the company and the interests of the stockholders; that, in order to accomplish such result, appellees filed their petition for the main and principal reason of obtaining a list of said stockholders.

Appellants further alleged that in the past numerous requests from stockholders had been made, not to give out their names as stockholders of the Grayburg Oil Company, the reason being they did not care to be annoyed by receiving numerous letters relative to buying and selling stock, or for any other purpose, and that appellants had endeavored to comply with these requests, and had endeavored to protect the interests of the stockholders of the company, and had never furnished any individual, firm, or corporation with a list of the stockholders; that appellants had no objection whatsoever to an audit being made of the affairs of the company by an expert accountant, nor did they object to such accountant examining the stock records of the company, providing a list of stockholders and addresses were not made for information relative to the names and

addresses given out by such auditors at any time after such inspection.

Appellants prayed that the application for writ of mandamus be denied, but, in the alternative, should the court decide that a writ of mandamus issue, then appellants prayed that appellees or their auditors be enjoined from making a list of the names and addresses of the stockholders of the company, or giving out any information relative thereto.

Upon hearing, the peremptory writ of mandamus was ordered issued against the individual defendants "directing them to give plaintiffs and/or persons designated by them, immediate access to all books, records, correspondence, stock and transfer books of the Grayburg Oil Company in order that the plaintiffs and/or their auditors, may make at plaintiffs' expense a complete audit of the books of the defendant company, and secure the names and addresses of the stockholders of said company, which said names and addresses of the stockholders shall not be sold or used by any person, for any purpose, other than a stockholder of the Grayburg Oil Company."

The case was tried without a jury. Separate findings were not filed by the trial court, but in the judgment it is recited:

"* * * The Court finds that the Plaintiffs are stockholders in the Grayburg Oil Company, and desire access to all books, records, correspondence, stock and transfer books of said Grayburg Oil Company, for the purpose of having a complete audit of said books made at their expense and securing a list of the stockholders and their addresses, and the Court finds that the request and desire of plaintiffs is made in good faith and in the interest of the stockholders of the Grayburg Oil Company, and without malice on the part of plaintiffs or any desire on their part to do injury to the Grayburg Oil Company or its stockholders."

Appellants' first three propositions are as follows:

First: "A wrong should be alleged and proven before a writ of mandamus is granted, because mandamus is not a writ of right, but it issues to remedy a wrong, and not to promote one."

Second: "Mandamus is an extraordinary remedy, and a writ of mandamus should not under any circumstances be issued until it is pleaded and proven that a stockholder has been refused the right to inspect the books of a corporation."

Third: "A stockholder under the guise of a statutory right should not be permitted to examine the books of a corporation for speculative purposes, or to gratify curiosity, or for the purpose of obtaining a list of stockholders with their addresses so that he might communicate with such stockholders making false and untrue charges against the officers of the company, or relative to the management of the affairs of the company, based upon rumors, without any investigation whatsoever on the part of such stockholder as to the truth and correctness of such rumors, thereby injuring the business and being detrimental to the interests of other stockholders, and the extraordinary remedy of mandamus should be denied."

These may be conceded to be correct as abstract propositions of law, but have no present application.

Under article 1328, R. S., it is made the duty of the directors of private corporations to keep a record of all stock subscribed and transferred, and of all business transactions. Such article further provides: "Their books and records shall at all reasonable times be open to the inspection of any stockholder."

The record in this case discloses that the plaintiffs are dissatisfied with the failure of the defendant corporation to pay dividends; the payment of an annual salary to its president, Dr. Thomson, of $54,000, and the annual payment to him of $8,000 for an option to purchase a tract of land which it appears might be needed by the corporation for a new refinery site. It is apparent the plaintiffs desire to call these matters to the attention of other stockholders, numbering about 750, with the view of obtaining from them financial aid in having made an independent audit of the condition of the company and co-operation in rectifying the conditions with which the plaintiffs are dissatisfied. It is further apparent the defendants have no objection to the audit being made, but do object to the plaintiffs obtaining the names and addresses of the stockholders.

We can see no good reason why a stockholder in a corporation who is dissatisfied with the internal management of the corporate affairs should not have the right to call to the attention of his fellow stockholders conditions in the corporate management with which he is dissatisfied and in good faith regards as prejudicial to the best interest of the corporation and its stockholders. In our opinion, stockholders have such right. The record in this case does not support the facts assumed in appellants' third proposition. On the contrary, the finding of the trial court quoted above shows the plaintiffs are acting in good faith, without malice, in the interest of the stockholders, and without any desire on their part to do injury to the corporation or its stockholders. The evidence supports these findings, and, it further appearing the plaintiffs have been denied access to the books and records of the company for the purpose of obtaining the names and addresses of the stockholders, the writ of mandamus properly issued to protect and enforce the plaintiffs' right of inspection given by article 1328, R. S. Guthrie v. Harkness, 199 U. S. 156, 26 S. Ct. 4, 50 L. Ed. 130, 4

Ann. Cas. 433; State ex rel. Watkins v. Donnell Mfg. Co., 129 Mo. App. 206, 107 S. W. 1113; Wight v. Heublein, 111 Md. 649, 75 A. 509.

It follows the court did not err, as the fourth proposition asserts, in refusing the injunction prayed in defendants' answer enjoining plaintiffs and their auditors from making a list of the stockholders and their addresses or giving out any information relative thereto.

Affirmed.