THE CITY OF SANFORD, *Appellant,* v. THE COUNTY OF ORANGE, *Appellee.*

Where a county has collected taxes for road purposes, and a city claims under its charter the right to receive and disburse for street purposes a portion of such taxes, the claim will not be enforced in equity when the city has for several years neglected to make demand for its proportion of the tax until the same has been disbursed by the county under statutory authority.

This case was decided by Division A.

37—Vol. 54

Appeal from the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*Massey & Warlow* and *A. M. Thrasher,* for appellant;

*Beggs & Palmer,* for appellee.

WHITFIELD, J.—On December 19th, 1903, the city of Sanford filed in the circuit court for Orange county a bill in equity against the county of orange and H. H. Dickson, chairman of the board of county commissioners for Orange county for an accounting and payment to the city of Sanford of one half the amount realized by the county commissioners from county, road and bridge taxes for the years 1893, 1894, 1895, 1897, 1898, 1901 and 1902, upon property within the city of Sanford under a provision of Chapter 4312 Acts of 1893, entitled "An Act to Abolish the Present Municipal Government of the City of Sanford, Florida, and Organize a City Government for the Same, and to provide its Jurisdiction and Powers," which provision is as follows: "One half of the amount realized from any and all road and bridge taxes levied on property within the city of Sanford by the county commissioners of Orange county, shall be turned over annually to the municipal authorities of the city of Sanford, to be used in the repairing, working, improving and laying out the streets and bridges thereof, as may be prescribed by ordinance."

The trial court held the quoted provision of the act to be not in conflict with section 16 of article 3 of the constitution.

The defendant county answered in brief that it has always refused and declined to pay the complainant whatsoever claimed by virtue of the act referred to, although

demand was made for the same and the complainant recognizing that it was not entitled to the said money has made no claim therefor since the year 1894 for the taxes levied in 1893 until in September, 1903, when demand was made and refused as alleged; that at the time of the passage of Chapter 4312, Acts of 1893, the defendant was acting under and by virtue of Chapter 4065 Acts of 1891, which provided that the road tax collected in the county shall be paid to the county treasurer as a separate fund for public roads and bridges in the county and for no other purpose; that acting under this law the defendant refused to pay any sum to the city of Sanford out of the road fund of the county of Orange, that under said law a similar tax was levied on all of the property within the corporate limits of the various municipal corporations in the county and that it never paid any sum of money to any such corporation; that in 1895 the legislature amended Chapter 4065 by providing that one-half of the amount realized from the road tax in incorporated cities and towns, shall be turned over to the municipal authorities of said cities or towns to be used in the repairing, working and improving and laying out of streets thereof, as may be prescribed by the ordinances of said cities and towns; that under and by virtue of this amendment the defendant paid one half of the said road tax to the various municipal corporations in the said county, levied for the year 1896, including the city of Sanford whose claim was filed under the amendment and not under the charter; that chapter 4996, Acts of 1897, amended Chapter 4065 by eliminating the provision for paying one half the road tax collected in cities and towns to those cities and towns, and defendant then discontinued the payments to the municipalities including the city of Sanford; that said city made no demand or claim under its charter for

any portion of the road and bridge tax; that it accepted the amount paid under the amendment of 1895 and not under its charter; that Chapter 4778 Acts of 1899 provided for the payment of one half of the money collected for roads and bridges within the municipalities to be paid to the municipalities; that under this law such payments were made for the years 1899 and 1900, and the complainant accepted the amount so paid under the said act and not under the charter of complainant as now claimed; that Chapter 4941 Acts of 1901, amended Chapter 4778, by eliminating the provision for payment to municipalities and defendant discontinued the payments, and no demand was made by any municipality for such payment, and no claim was ever made by complainant for any of such taxes until September, 1903, when it demanded payment for the taxes for all the years between 1893 and 1903 which had not been previously paid, which demand was refused; that said complainant by its conduct has waived any claim to any portion of the road taxes and acquiesced in the determination of defendant not to pay the same; that complainant failed to present any account or claim against defendant for any sums of money under its charter for the years 1893, 1894, 1895, 1896, 1897, 1898, 1899, 1900, 1901 or 1902 and has never presented any account for the same, but that it did present accounts and claims for such money for the years 1896, 1899 and 1900 under the amended statutes above referred to and received payment for the same; that there is nothing due from defendant to complainant under its charter; that no claim was made for any amount except for 1902 until more than a year after the collection was made; that complainant is in laches if it ever had a claim; that all money raised for roads and bridges in the county has been spent as required by law upon roads; that large

sums have been spent on roads leading to Sanford to the great benefit of said city; that all municipalities in the county have been dealt with fairly under the law; that defendant could not without violating the law governing it have recognized or paid the claim of complainant, nor could the treasurer of Orange county have paid such money upon warrant to the complainant without violating the law.

A replication was filed and testimony was taken. The bill of complainant was dismissed on final hearing and the complainant appealed assigning as errors, the decree dismissing the bill of complaint and not decreeing an accounting. The defendant assigned as cross error the ruling sustaining the validity of the provision of the charter of the city of Sanford under which the claim here is made by complainant.

·Even if the provision of Chapter 4312 Acts of 1893 incorporating the city of Sanford and providing its jurisdiction and powers requiring the county commissioners of Orange county to pay one half of the road tax collected on property in the city of Sanford over to the municipal authorities of such city to be used for streets and bridges, is properly connected with or is germane to the subject expressed in the title of the act so as to charge the county commissioners with a duty to pay the money, such payment was only for the purpose of applying it to roads and streets. The city is in laches in asking for it, and if it has been used for road purposes and is consequently not in fund, the county commissioners cannot be required at this late day to account for it to an agency to be used for roads and streets. Upon the showing made the county commissioners have complied with the law Chapter 4065 addressed to them, and the city of Sanford being at most only an agency for using the funds for road and

street purposes cannot after such a lapse of time assert a right to be such agency even if the act under which it claims was binding on the county commissioners at the time of its adoption. The city of Sanford was not the *cestui que trust* of the fund, but it was at best merely an agent for its aplication to a purpose which has in part at least been accomplished. If there were any funds in the hands of the county and the city had a clear right to its use, the proper remedy is mandamus if duly applied for. As it is, under the circumstances of this case, it cannot be said the court erred in holding, on the merits of the case, that there was no equity shown in the complainant. Without reference to the statute requiring every claim against the county to be presented to the board of county commissioners within one year from the time said claim shall become due, the claim of the city of Sanford of the right to receive and spend money that should have been spent, and that appears was spent by another agency, for the purpose of .roads cannot be sustained after this delay even if the charter could impose a duty upon the county commissioners under the very restrictive title of the charter act.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.