THE COUNTY OF HILLSBOROUGH *et al., Plaintiffs in Error* v. THE STATE OF FLORIDA *ex rel,* THE CITY OF ST. PETERSBURG, *Defendant in Error.*

1. Where it appears from an alternative writ of mandamus that the county commissioners of a county levied and collected a special tax of 3 mills for the year 1906, and 5 mills for 1907,

on all the real and personal property in the county subject to taxation for public roads and bridges under and by virtue of the law contained in section 850 of the General Statutes of 1906, an incorporated city in said county can compel said county commissioners by mandamus to draw a warrant on the County Treasurer for the city's proportion of said tax as provided for in said section; and said alternative writ is not subject to demurrer because it alleges that the county commissioners declined to audit the claim of said city upon the ground they had spent the money when said writ alleges that there is sufficient money in the treasury to pay the claim of the city; nor is said writ subject to demurrer on the theory that it shows affirmatively the claim was not presented within twelve months from the time it became due, when it does not so appear.

2. Whether the claim mentioned in this proceeding is embraced in section 785 General Statutes of 1906 providing that every claim against a county shall be presented to the board of county commissioners within one year from the time said claim shall become due, is not decided.

3. Under the statutes of this State when special taxes for road and bridge purposes are levied and collected under section 850 General Statutes of 1906, it is the duty of the county commissioners to draw a warrant on the Treasurer of the county for the proportion of said special tax belonging to an incorporated city.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Donald C. McMullen,* for Plaintiffs in Error;

*Walter Robertson Howard,* for Defendant in Error.

HOCKER, J.—The defendant in error obtained an

alternative writ of mandamus, directed to the plaintiffs in error, in the Circuit Court of Hillsborough County, which is in the following words and figures:

"To the County of Hillsborough, W. L. Parker, A. C. Turner, B. F. Waters, E. J. Devane and J. L. Hackney as and constituting the Board of County Commissioners for the County of Hillsborough in the State of Florida Greeting:

Whereas the City of St. Petersburg, Florida, by petition has made it appear that under and by virtue of Section 850 of the Revised Statutes of the State of Florida the said Board of County Commissioners deemed it advisable and for the public good and at the time for levying county taxes for county purposes for the years 1906 and 1907 respectively, levied a special tax of 3 mills for the year 1906 and 5 mills for the year 1907 for public roads and bridges on all the real and personal property in Hillsborough County subject to taxation, and which was assessed and collected as other taxes of the county and paid into the county treasury as a special fund as required by law.

And whereas it did further appear from said petition that a large amount of said special tax levied for the year 1906 and collected and paid into the county treasury, amounting to $2014.00 was assessed, levied and collected on property in the said city of St. Petersburg, and that the amount so assessed, levied and collected for said year was not fully ascertained until the month of January, 1908.

And whereas it further appears from said petition that the amount of said special tax levied for the year 1907 and collected and paid into the county treasury amounting to more than · $3000.00, was assessed, levied and collected on property in the said city of St. Petersburg.

And whereas it further appears from said petition that the said city of St. Petersburg has caused demand to be made upon said Board of County Commissioners that one half of the amounts so collected as aforesaid amounting to the sum of more than $2500.00 be turned over to the municipal authorities of said city, pursuant to said Section 850 of the Revised Statutes and that the said Commissioners account to the said city for the amount realized from property in the said city ' which they declined to do and declined to admit the claim of said city upon the ground that they had spent the money.

And whereas it further appears from said petition that there is in the treasury of said county a sum of money exceeding in amount the claim of said city.

And whereas it further appears from said petition that said city is in urgent need of the moneys so payable to be used in the repairing, working, improving and laying out of the streets of the said city as prescribed by ordinance and that a necessity exists for resorting to this proceeding in that ordinary legal remedies are inadequate to afford petitioner relief.

Now therefore, we, willing that speedy justice should be done in this behalf to it the City of St. Petersburg, do command and enjoin you that on or before the 25th day of October, A. D. 1908, you do order a warrant drawn on the Roads and Bridges Fund of said county in favor of the City of St. Petersburg for the sum of $2500.00, said warrant to be signed by the chairman and countersigned by the Clerk of the Circuit Court, under the seal of said court, or that you show cause to the contrary before this Honorable Court in the city of Tampa, Florida, at 10 o'clock in the forenoon on the 26th day of October, A. D. 1908; and how you shall execute this our writ make known to this Honorable Court in the city of Tampa, Florida. at 10 o'clock in the

forenoon on the 26th day of October, A. D. 1908, as hereinbefore named and have you then and there this writ.

Witness the Honorable Joseph B. Wall, Judge of the Circuit Court of the Sixth Judicial Circuit of the State of Florida in and for Hillsborough County, this the 15th day of October, A. D. 1908, and the seal of said court.                    J. B. Wall, Judge."

The respondents demurred to this alternative writ on the following grounds :

"First.    Because said petition and writ fail to show sufficient facts to entitle the petitioner to the relief asked for.

Second.    Because it appears by said petition and writ that the money has already been spent by the county.

Third.    Because it appears by said petition and writ that demand for the taxes assessed for the year 1906, was not made for a period of more than one year after said taxes were collectable and therefore said claim, if any existing, is barred under section 785 of the General Statutes of the State of Florida.

Fourth.    Because under section 850 of the General Statutes of the State of Florida, it is the duty of the tax collector to turn over money collected under the provisions of the said section to the municipal authorities of cities and towns."

This demurrer was overruled and the respondents given until November rules to answer, and having failed to answer a peremptory writ issued on the 9th of November, 1908.    The case is here for review on writ of error.

Section 850, General Statutes of 1906 provides for the levy by the county commissioners of a special tax for public roads, bridges and river crossings, and among other things, that the money arising from the levy shall

be paid into the county treasury, and also as a proviso, that "one half of the amount realized from said special tax on property in incorporated cities and towns shall be turned over to the municipal authorities of said cities or towns to be used in the repairing, working and improving and laying out of the streets thereof as may be provided by the ordinances of said cities and towns."

Section 781 General Statutes of 1906 provides how warrants shall be issued by the county commissioners and that "no money for any purpose whatever shall be drawn from the county treasurer except upon a warrant issued and attested" as therein provided for.

Section 782 General Statutes of 1906, requires that in issuing a warrant on the county treasurer they shall state specifically therein the fund on which it is drawn, and no warrant shall be drawn upon any fund except that for which said fund was raised.

Section 783 General Statutes of 1906 provides, among other things, that the county commissioners shall furnish the county treasurer with a receipt book and stubs to correspond, which shall designate separately each fund for which county taxes are collected, from the collector.

Section 784 General Statutes of 1906, provides that the county treasurer shall enter in a book the fact of his refusal to pay or non-payment any warrant which may be presented to him, and his reasons for such refusal or non-payment; that he shall also at the request of the party presenting the same endorse on back of the warrant the fact of such refusal, or non-payment and the reasons therefor, and that he shall pay such warrants in the order of their presentation.

Section 785 General Statutes of 1906 provides that every claim against any county shall be presented to the board of county commissioners within one year

from the time said claim shall become due and the same shall be barred if not so presented.

The facts of this case are unlike those of the case of the City of Sanford v. The County of Orange, 54 Fla. 577, 45 South. Rep. 479. That was the case of a suit in equity for an accounting against the county on account of special road taxes which it appeared had been collected and spent on the public roads during several years previous to the filing of the bill. This court applied to the facts of that case the doctrine of laches. Here no such ground is invoked. It is true the alternative writ states that the county commissioners had declined to admit the claim of the city of St. Petersburg upon the ground that they had spent the money, but it also appears from the alternative writ that there was in the treasury of the county a sum of money exceeding the claim of said city. This fact is admitted to be true by the demurrer.

It will be observed the demurrer does not raise the question that the alternative writ should have distinctly set forth that the claim was presented to the County Commissioners within twelve months from the time it became due but the demurrer is based on the theory that the alternative writ affirmatively shows it was not presented within twelve months from the time it became due. This contention is not sustained by the allegations of the writ and the demurrer was therefore properly overruled. Whether the claim described in the alternative writ is of such a character as to be embraced in section 785 of the General Statutes of 1906, or whether it is simply a claim against officers who by statute have the custody of money belonging to the city, as distinguished from a claim against the county, we do not feel called upon to determine in this case.

The contention that under section 850 General Statutes of 1906, it is the duty of the tax collector to turn over the money collected under its provisions to the municipal authorities we do not think is tenable.  Under section 783 General Statutes of 1906 above referred to, it is the duty of the collector to pay over to the treasurer the money collected by him of every fund.  Section 850 *supra,* does not require him to divide the .special tax between a city and a county.  He is required to pay over all taxes collected to the county. treasurer and the latter can only pay it out on warrants properly drawn by the county commissioners.  It is the function of the latter to ascertain the amount due a city and to draw a warrant for that amount.  The facts alleged and admitted show that at least $2500 is due the city.  The peremptory writ is for that amount.

We discover no reversible error in the record, and, therefore, the judgment of the Circuit Court is affirmed.

All concur, except PARKHILL, J., absent on account of illness.