UNION INDEMNITY COMPANY OF NEW ORLEANS, a Corporation, *Appellant,* v. C. A. WORTHINGSTUN AND SUSIE A. WORTHINGSTUN, his wife, EDGAR J. HECHT AND FIRST SAVINGS AND TRUST COMPANY OF TAMPA, FLORIDA, a Corporation, Trustees, and OTTENHEIMER BROS., INC., a corporation, *Appellees.*

Division A.

Opinion filed July 30, 1929.

*McKay, Withers & Ramsey,* for Appellant;

*M. Henry Cohen* and *Carroll D. Colley,* for Appellees.

ELLIS, J.—The questions presented are one of subrogation and whether one's homestead may be subjected to payment of indebtedness for material and labor used to repair buildings upon the homestead property. These questions are both independent and interdependent, so that if either is decided against the appellant the other need not be considered, yet if either should be decided in favor of the appellant the other would also have to be considered.

The questions grew out of the following facts: In May, 1924, C. A. Worthingstun, a married man, owned a certain lot in Fairburn Subdivision in Hillsborough County. He lived upon it with his wife and children. It was his homestead within the meaning of Section 1 of Article X of the Constitution. He requested Blitch and Parish, co-partners, to furnish materials and perform labor for making certain

improvements on the land. They did that and their bill for such materials and labor amounted to $4,245.33 and on October 8, 1924, Blitch and Parish caused to be filed in the clerk's office a notice of their intention to hold a lien upon the premises for the material furnished and labor performed in the amount stated. One month before the filing of the lien, however, on September 1, 1924, Worthingstun and wife executed and delivered to Edgar J. Hecht and First Savings and Trust Company of Tampa a mortgage upon the premises to secure an indebtedness of $7,000, which mortgage was recorded on September 17, 1924, about twenty days before the filing and recordation of the lien. The materials were furnished and labor performed, however, by Blitch and Parish from May 28th to September 12th, so the mortgage was given during that period, a matter of three months and two weeks.

On October 16th Worthingstun as principal and the Union Indemnity Company of New Orleans as surety executed their bond to Blitch and Parish in the sum of $8,490.33 "in accordance with and as provided for in Section 3532 of the Revised General Statutes of Florida, for the purpose of releasing the premises" from the lien declared by Blitch and Parish.

In the case of North Bay Shore Land Co. v. Perry, 86 Fla. 322, 98 So. R. 139, this Court held that such a bond given by the owner under the provisions of that statute even after suit was commenced to enforce the lien released the premises from the lien but the lienor could have a decree for the amount found to be due and execution as at common law.

On October 23, 1924, a week after the bond was given, Blitch and Parish brought suit against Worthingstun, First Savings and Trust Company, Edgar J. Hecht and Union Indemnity Company "for the purpose of recovering the

said sums of money so due to said Blitch and Parish from said C. A. Worthingstun and for the enforcement of their lein." The bill was dismissed as to Hecht and First Savings and Trust Company but afterwards a decree was entered in the cause in which the chancellor found the amount due "from the defendants to the complainants" to be a certain sum. The decree provided that the complainants recover that sum from the defendants, Worthingstun and the Union Indemnity Company, and awarded execution therefor.

No lien was declared to exist upon the property. A *fieri facias* was issued December 3, 1925.

So it appears that a chancery court proceeded to award a judgment in a cause which had no basis in equity, for if the lein was released and the premises discharged from it before the suit was begun only a judgment upon the bond could be entered which it was the function of a court of law to perform.

In April, 1926, the Union Indemnity Company paid to Blitch and Parish the amount decreed to be paid and took from them an assignment of it. A few days after this transaction the Union Indemnity Company exhibited its bill in chancery against the Worthingstuns, Edgar J. Hecht and First Savings and Trust Company, in which the complainant claimed to be "subrogated to all the rights, remedies and securities" which Blitch and Parish had for security of their claim against Worthingstun for labor and material furnished and that by reason of having paid the decree the complainant had a lien upon the lands superior in dignity to the claims of the defendants. The bill prayed that Blitch and Parish be decreed to have a lien upon the premises for the sums found to be due to them from Worthingstun and that the complainant be declared to have a lien also upon the premises and that it be subrogated to the rights of Blitch and Parish; that Worthingstun be de-

creed to pay the sum found to be due and in default thereof that the premises be sold and the proceeds applied to the payment of the debt.

Hecht and the First Savings and Trust Company demurred to the bill and the Worthingstuns answered. The demurrer was sustained and testimony was taken in September, 1927. The cause seems to have proceeded against the Worthingstuns alone as the demurrer of Hecht and the Trust Company was sustained. The court decreed the equities to be with the complainant but held that the bond executed by Worthingstun and the complainant operated to discharge the lien of Blitch and Parish; that Hecht and the Trust Company took their mortgage discharged of the lien; that complainant's payment of the amount of the decree in the Blitch and Parish suit and the assignment of the decree to the complainant did not give to it a right of subrogation to the lien claimed by Blitch and Parish nor did such payment entitle the complainant to any lien against the lands involved but such "payment and assignment of said decree did operate to subrogate" the complainant to all the rights of Blitch and Parish under the decree.

The chancellor held that Hecht and Trust Company had a superior lien upon the premises over the decree in favor of Blitch and Parish which the complainant could enforce by "execution or otherwise" against C. A. Worthingstun to the same extent that Blitch and Parish might have enforced the same. Hecht and the Trust Company were declared to be not proper parties and the bill was dismissed as against them.

From that decree the Union Indemnity Company appealed on the 27th of October and made the same returnable to January 16, 1928.

We think that the decree of the chancellor is not amen-

able to the objections made to it by the appellant but that it should have dismissed the bill and awarded all costs against the complainant.

There was no lien in existence when Blitch and Parish commenced their suit against Worthingstun and the Indemnity Company because the lien had been released by the giving of the bond under the provisions of Section 3532, Rev. Gen. Stats. 1920, Sec. 5396, Comp. Gen. Laws 1927. There was no question of subrogation because the Indemnity Company took an assignment of the claim of Blitch and Parish and stood in their place as effectively as if there had been a legal or conventional subrogation to their rights. There was no question of an accounting because the amount due by Worthingstun was already established by the decree in favor of Blitch and Parish. The homestead of the Worthingstuns was exempt from forced sale under process of any court. There was no conceivable basis of equity jurisdiction in the cause.

Appellant's contention that the Indemnity Company was subrogated to the rights of Blitch and Parish upon the execution of the bond which continued in existence their lien against the Worthingstun property in the face of the words of the statute that by the giving of such bond the lien was released has no support in any of the many authorities cited in his brief. Such an interpretation of the law would render the statute meaningless under which the lienee is assured a release of the lien on furnishing the bond. If the lien is not released but merely transferred to the surety the lienee's last state is at least no better than the first. The lien would have been merely transferred from Blitch and Parish to the Indemnity Company and not released at all, besides the Indemnity Company was party to the suit of Blitch and Parish against Worthingstun and others and was bound by the terms of the decree which

adjudicated its liability to Blitch and Parish and decreed the payment of the debt to them by the Indemnity Company. See Phillips v. Gilbert, 101 U. S. 721, 11 Otto 721, 25 L. Ed. 833.

Section 3519, Rev. Gen. Stats. 1920, has no relation to the question. It relates only to the enforcement of liens which are existent. A lien that has been released has been discharged; the property has become liberated, freed, delivered, extracted from it. The force of the lien so released has been destroyed. Webster's New International Dictionary of the English Language, 1925 Ed.

In Jones v. Carpenter, 90 Fla. 407, 106 So. R. 127, this Court, speaking through MR. JUSTICE TERRELL, held that an equitable lien existed against one's homestead for money of another used by him in the improvement of the homestead property. However the point is immaterial as we hold that the lien was extinguished by the bond and was not revived by the complainant paying the debt.

The decree is reversed and the cause remanded with instructions to dismiss the bill.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.