THE COUNTY OF PINELLAS, *et al.,* v. CITY OF ST. PETERS-BURG.

156 So. 523.

Opinion Filed September 21, 1934.

*John C. Blocker,* for Appellants;

*W. F. Way* and *Carroll R. Runyon,* for Appellee.

PER CURIAM.—The appeal here is from an order temporarily restraining the County Commissioners of Pinellas County from paying out certain money alleged to be in the hands of the County Commissioners in the following language:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the defendants, County of Pinellas and E. H. Beckett, E. Byrd McMullen, J. R. Thomas, C. R. Carter, and W. B. Harris, their servants, agents and employees, be and the same, and each of them, is hereby restrained and enjoined from paying out any funds now or hereafter coming into their possession from taxes levied upon real estate or personal property situated within the limits of the City of St. Petersburg for road and bridge purposes other than fifty (50%) per centum thereof to which said county is under the law entitled to until the further order of the Court. That the plaintiff enter into a bond without surety pursuant to Chapter 16245, Acts of 1933, Laws of Florida, in the sum of Five Thousand ($5,000.00) Dollars, conditioned to pay to the defendant such damages that it may suffer in the event such restraining order is dissolved.

"Said bond to be approved by the Court.

"DONE AND ORDERED, This 25th day of January, A. D. 1934."

Appellants contend that the complainant in the court below was not entitled to a restraining order because it had a certain, full, adequate and complete remedy at law to enforce the payment of the money due to the City by the County. That is, that the City could coerce the County by

mandamus to pay over to the City whatever fund was on hand due to the City from the source named in the Order.

Such remedy exists, but it may neither be full, adequate nor complete.

The City, under numerous holdings of this Court, is entitled to have the fund involved paid over to it. City of Sanford v. Orange County, 54 Fla. 600, 45 Sou. 480; Hillsborough County v. City of St. Petersburg, 57 Fla. 50, 48 Sou. 976.

This remedy would only reach the funds on hand and when other funds should be likewise collected other suits in mandamus might be required, and it is made to appear by the allegations of the Bill of Complaint would be required, to enforce payment to the City of its part thereof.

That the resort to equity will prevent the necessity of a multiplicity of suits is sufficient to warrant equity in assuming jurisdiction. Realty Bond & Share Co. v. Englar, 104 Fla. 329, 143 Sou. 152.

The Order appealed from should be affirmed. It is so ordered.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.