STATE, *ex rel.* CITY OF ST. PETERSBURG, v. COUNTY OF PINELLAS.

161 So. 66.
Opinion Filed March 29, 1935.
Rehearing Denied April 10, 1935.

*W. F. Way, Carroll R. Runyon* and *Lewis T. Wray,* for Relator;

*John C. Blocker,* for Respondent.

DAVIS, J.—This case is now before this Court on motion for a peremptory writ of mandamus, the return of the respondents to the contrary notwithstanding. The respondents contend that the peremptory writ of mandamus should be refused because of the pendency in the Circuit Court of an injunction proceeding relating to the same moneys sought to be reached by the writ of mandamus in this case.

The controversy as now presented to this Court is predicated upon the following facts and pleadings:

A petition for an alternative writ of mandamus was filed by the relator against the respondents, County of Pinellas and certain named individuals as County Commissioners of said county, and K. B. O'Quinn, as Clerk of the Circuit Court of Pinellas County and *ex-officio* Clerk to the Board of County Commissioners. The petition charged a failure on the part of the named persons as County Commissioners to perform the legal duty imposed upon them by Section 2453 (1604) Compiled General Laws of Florida, 1927, which dereliction of duty was alleged to have been the collection of a fund for general road and bridge purposes and the failure to pay to the relator, City of St. Petersburg, fifty (50%) per cent. of such fund collected upon real and personal property situated within the corporate limits of such municipality.

It was further alleged in such petition that in December, 1933, after demand made upon the County Commissioners for such fund and refusal to pay, the relator, in its municipal capacity, instituted an action in the Circuit Court of Pinellas County, wherein they prayed that an injunction be issued against the County of Pinellas and the named County Commissioners restraining and enjoining the disposition of such funds as the municipality would be entitled to under the aforesaid Section 2453 C. G. L.; that a tempo-

rary restraining order had been granted from which the respondents, then defendants, took an appeal to the Supreme Court of Florida; that the Supreme Court of Florida, on the 21st day of September, 1934, affirmed (See Pinellas County v. City of St. Petersburg, 116 Fla. 582, 156 Sou. Rep. 523) the grant of such injunction and had therein clearly stated that the City of St. Petersburg was entitled to have said fund paid over to it.

It was further alleged in such petition that notwithstanding such decision by the Supreme Court, that the County Commissioners of said county had failed and refused to make such payment and that there was at the time of filing of said petition the sum of $32,359.07 then in their hands and due to the City of St. Petersburg, said sum being 50% of the amount collected from the levy of six mills tax upon real and personal property situated within the limits of said city.

Based upon such petition, an alternative writ of mandamus was issued by this Court directed to the County of Pinellas and to the parties individually named in their official and representative capacities, requiring them to pay to the City of St. Petersburg said sum of $32,359.07, and to do and perform all things necessary to make such payment complete, or else show cause to the contrary before this Court on the 5th day of February, 1935.

The respondents have filed a return to such alternative writ of mandamus in which they have made no denial of any of the matters and things charged or alleged in the alternative writ, but rely entirely upon the pendency of relator's injunction suit, mentioned in the relator's petition, as being a bar to the prosecution of the present mandamus action at law.

It is further set up in the return that after said suit was

by relators instituted in equity in the Circuit Court of Pinellas County that a temporary restraining order was issued in it from which an appeal was taken, as hereinbefore alleged, and that such action of the Chancellor was affirmed by this Court, as reported in 156 Sou. Rep. on page 523; that thereafter the respondents by answering such bill of complaint in the Circuit Court have put the equity cause at issue and that it is now ready for trial.

The motion of relator for a peremptory writ of mandamus should be granted. The pendency of a Circuit Court suit in equity to enjoin the unlawful disposition of a fund on hand is not inconsistent with a writ of mandamus in the Supreme Court to compel the disbursement of the same fund in accordance with law. Neither does the pendency of the Circuit Court equity suit as a suit first instituted, draw to it exclusive jurisdiction over the disposition of the involved fund.

The jurisdiction of the Supreme Court in an original proceeding in mandamus is not concurrent with the jurisdiction of a Circuit Court in equity in the sense that cases like this are thereby brought within the rule that, as between courts of concurrent jurisdiction, the court first acquiring jurisdiction of a cause, and being fully empowered to afford complete relief, will not be disturbed or interfered with, but allowed to retain jurisdiction and determine the controversy. State, *ex rel.* Watkins, v. Donnell Mfg. Co., 129 Mo. App. 206, 107 S. W. Rep. 1112. This is especially true where the end of both suits is to ultimately achieve the final relief that is sought in the mandamus suit.

Peremptory writ of mandamus awarded.

WHITFIELD, C. J., and ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., dissents.