PEARSON, Judge.
The appellant, Crane Company, was a defendant in a chancery suit brought by the appellee, Bradford Builders, Inc. Crane Company filed in the cause a counterclaim and cross-claim, in which it prayed, among’ other things, that the Aetna Casualty & Surety Company be brought in as a defendant. The court denied the application of Crane Company for leave to join the-Aetna Casualty & Surety Company as a party defendant upon the counterclaim and[1] cross-claim. From said order this interlocutory appeal is taken. We hold that *795 the appellant, Crane Company, was entitled •to join Aetna, and reverse.
Bradford Builders was a general contractor in the construction of a state hospital. Having completed the construction and being faced with the claims of subcontractors and materialmen Bradford filed -a suit in which it prayed for exoneration. Bradford deposited in the registry of the ■court the amount it conceived to be the ■balance due from it to the Standard Plumbing & Heating Co., one of the subcontractors. The complaint alleged that Bradford Builders owed to Standard Plumbing a 'balance of $21,419.69. It was also alleged that the Standard Plumbing & Heating Co., ■owed its materialmen as follows:
■Crane Company $15,740.10
Florida Fuel Oil Inc. 250.00
■Gulf Plating Co. 49.94
Monmouth Plumbing Supply Inc. of Florida 3,355.43
Peninsular Supply Co. 737.33
Southern Insulation Corp. 120.00
Waldron 58.20
Alleged Due Materialmen $20,311.00
The complaint further set forth that Standard Heating had assigned all of its interest in the amount due it from Bradford to Curtiss National Bank of Miami Springs and that United States had. filed a tax lien against Standard Plumbing for a portion of said money. All of the ma-terialmen and subcontractors above enumerated and the Curtiss National Bank of Miami Springs and the United States of America were named defendants. Bradford prayed that the appellant and the other defendants be enjoined from prosecuting their claims against Bradford; that the several claims of the appellant and the other defendants be paid out of the fund deposited in the registry of the court by Bradford; that Bradford be exonerated and discharged from liability to the appellant and the other defendants.
Crane Company brought its counterclaim and cross-claim under the provisions of section 255.05, Fla.Stat., F.S.A.[1] Crane alleged that it was the obligation of Bradford as general contractor to pay all claims for supplies and materials furnished in connection with contract between Bradford and the State of Florida. Crane further alleged that Bradford as principal and Aetna as surety were liable for the full amount of its bill, to wit: $16,624.47 (not merely the $15,740.10 acknowledged to be due in the complaint). Crane urged that Aetna was a necessary party to the action, in that the presence of Aetna was required for the granting of complete relief. To the counterclaim and cross-claim of Crane, *796 Bradford filed a reply in the form of a general denial.
Rule 1.13(8) of Florida Rules of Civil Procedure, 30 F.S.A., provides as follows:
“Additional Parties May Be Brought In. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or cross-claim, the court shall order them to be brought in as defendants if jurisdiction of them can be obtained, and their joinder will not deprive the court of jurisdiction of the action.”
Crane, upon appeal, argues that the provisions of this rule are sufficient to require the trial judge to enter an order joining Aetna upon application, so that Crane may receive complete relief in the suit. Upon the other hand, Bradford urges that the only relief to which Crane is entitled is the payment of its claim against Bradford’s subcontractor and since Bradford had deposited money in the court to satisfy Crane Company’s claim there was no reason why the surety should be brought in as a defendant. The position of Bradford overlooks the fact that Crane Company claims that the amount owing to it is $884.47 more than the amount set out by Bradford in the complaint. It also ignores the allegation that because of the claim of the Cur-tiss National Bank and the United States of America a part of the money deposited in the court may not be available to pay the claim at all.
It must be remembered that Crane did not come into court of its own volition. It was made a party in order, to suit the convenience of the plaintiff, Bradford. It is Bradford’s prayer that it be “exonerated”. The only way that Bradford can be exonerated is by the payment to Crane of the full amount due Crane. Having invoked the jurisdiction of the court upon the maxim that equity will take jurisdiction in order to avoid a multiplicity of suits, the plaintiff now contends that this principle ought to work only in its favor but not in favor of the Crane Company as counterclaimant and cross-claimant. It appears to us to be just as inequitable to require Crane Company to prosecute its claim twice as it would be to require Bradford Builders to defend severally the claims of the subcontractors and materialmen before receiving exoneration.
We therefore hold that it was error for the trial judge to deny to Crane Company as counterclaimant and cross-claimant the right to complete relief as provided in Rule 1.13(8), Rules of Civil Procedure, 30 F.S.A., cf. Florida Fuel Oil, Inc. v. Springs Villas, Fla.1957, 95 So.2d 581; Pan American Surety Co. v. Jefferson Construction, Fla.App. 1958, 99 So.2d 726. The order appealed is reversed with directions to the court to enter an appropriate order providing for the joinder of Aetna Casualty & Surety Company as a party defendant to this cause and to the cross-claim of Crane Company.
Reversed.
HORTON, C. J., concurs.
CARROLL, CHAS., J., dissents.

. “Bond of contractor constructing public buildings; suit by materialmen, etc.— Any person entering into a formal contract with the State of Florida, any county of said state, or any city in said state, or any political subdivision thereof, or other public authority, for the construction of any public building, or the prosecution and completion of any public work or for repairs upon any public building, or public work, shall be required, before commencing such work, to execute the usual penal bond, with good and sufficient sureties, with the additional obligations that such contractor shall promptly make payments to all persons supplying him labor, material and supplies, used directly or indirectly by the said contractor, or subcontractors, in the prosecution of the work provided for in said contract; and any person, making application therefor, and furnishing affidavit to the treasurer of the State of Florida, or any city, county, political subdivision, or other public authority, having charge of said work, that labor, material or supplies for the prosecution of such work has been supplied by him, and payment for which has not been made, shall be furnished with certified copy of said contract and bond, upon which, said person, supplying such a labor, material or supplies shall have a right of action, and may bring suit in the name of the State of Florida, or the city, county, or political subdivision, prosecuting said work, for his use and benefit, * * * prosecute the same to final judgment and execution; provided, that such action, and its prosecution, shall not involve the State of Florida, any county, city or other political subdivisions, in any expense.”