HORTON, Chief Judge.
Appellant seeks review by interlocutory appeal of an order denying its motion to dismiss. The appellees, plaintiffs below, filed their bill of complaint in which they alleged that each had entered into an agreement with the defendant Sol Engel to purchase pro rata interest in a 99-year lease which, at that time, was held by him but later assigned to the appellant. The complaint further alleged that these agreements were entered into in reliance upon certain representations made by defendant Engel concerning the manner of construction and furnishing of co-operative apartment units to be located upon the leased property. It was further alleged that they had performed all of the terms and conditions to be performed by them and set forth over forty instances in which the defendants had failed or refused to perform under the agreements, whereupon the plaintiffs prayed that the court enjoin payment to the defendants of certain sums of money held in escrow for their account; that the court enter a decree requiring the defendants to specifically perform all of the terms and obligations required under the agreements and further prayed that a lien be impressed against the improvements and the leasehold interest to secure performance by the defendants.
The effect of appellant’s motion to dismiss, which was based upon the alleged failure to state a cause of action, is to admit the truth of all essential facts which are well and sufficiently pleaded. Kooman, Florida Chancery Pleadings & Practice, § 93, and cases collected therein.
Having carefully considered the allegations of the bill of complaint, we conclude that a prima facie showing has been made entitling the plaintiffs to equitable relief. It is further apparent that the plaintiffs, all of whom are tenants in common of undivided interests in the 99-year lease, possess a community of interest and right in the subject matter of the suit. They are affected substantially in the same way by the acts of the defendants and seek the same remedy and, subject to appropriate proof, their rights can be adjudged in one decree, thereby preventing a multiplicity of suits. Pinellas County v. City of St. Petersburg, 116 Fla. 582, 156 So. 523. See Crane Co. v. Bradford Builders, Inc., Fla.App.1960, 116 So.2d 794.
The order appealed should be and is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ-, concur.