ALLEN, Chief Judge.
Rader & Associates, defendant below, appeals from an order holding that a surety bond given for a lien foreclosure proceeding released the lien on the property involved when it did not have two sureties as provided by Section 85.27, Fla.Stats., F. S.A.
Section 85.27, Fla.Stats., F.S.A., provides:
“Any lienee may release his property from any lien claimed thereon under this chapter by filing with the clerk of the circuit court a bond with two good and sufficient sureties, to be approved by the clerk, payable to the person claiming the lien in double the sum claimed, and conditioned for the payment of any judgment which may be recovered on said lien, with costs.”
*783 The able circuit judge, who tried this case, in his order and opinion said:
“This section of the statute [§ 85.27, Fla.Stats.] [F.S.A.] and determination by the Clerk of the Circuit Court as to whether or not a bond given under this statute should be approved by the Clerk, must be read in pari materia with Section 627.0900 of the Florida Statutes of 1959 [F.S.A.], which provides:
“ ‘Subj ect to other applicable provisions of part XI of chapter 627, any surety insurer having a currently effective certificate of authority to transact such insurance in this state may be accepted as surety on the bond of any person required by the laws of this state to give bond, and may be the only surety necessary to render the bond valid, but other surety may, in the discretion of the official authorized to approve the bond, be required.
“ ‘Such a surety insurer may be released from its liability on any such bond on the same terms and conditions as are by law prescribed for the release of individuals, and shall be subject to all the rights and liabilities of natural persons.’
and Section 627.0901 of the Florida Statutes of 1959 [F.S.A.], which provides:
“ ‘In all judicial proceedings, whenever it may become necessary for any party thereto to give a bond for any purpose, the bond of such party having as surety thereon any surety insurer authorized to do business in this state, may be accepted, by any officer or court whose duty is to approve such bond, without other surety. This section shall apply also to bonds given in connection with any appellate proceeding for the purpose of obtaining supersedeas, or for any other purpose.
“ ‘Such surety insurer may become surety upon administrators’ executors’ and guardians’ bonds, and in such cases there need only be one surety upon such bonds.’
“That this character of bond, having the principal and one surety insurer, has been utilized in the State of Florida for the purposes of securing the release of lien on land in Florida is evidenced in the cases of Union Indemnity Company of New Orleans v. Worthingstun, et al. [98 Fla. 242], 123 So. 759, and Fidelity & Casualty Co. of New York v. D. N. Morrison Const. Co., Inc., of Virginia, [99 Fla. 309] 126 So. [151] 155.
“The claim of lien of the Defendant, Rader and Associates, was a claim of statutory lien under the provisions of Chapter 85, which provides the manner for the release of such a claim of lien under the provisions of Section 85.27 Florida Statutes 1959 [F.S.A.], as aforesaid. The Court finds that the aforesaid bond was filed, that the bond met the requirements of the statute when read in pari materia with Section 627.0900 and 627.0901 of the Florida Statutes of 1959 [F.S.A.], and that as a matter of law the property subject matter of the Plaintiffs’ mortgage foreclosure suit in this case was released from the lien claimed by the Defendants, Rader and Associates, on the 14th day of February, A.D. 1961, when the bond was filed with and approved by the Clerk of the Circuit Court in and for Hillsborough County, Florida.
“IT IS THEREFORE AND HEREWITH ORDERED, ADJUDGED AND DECREED that the Counter-Claim of the Defendants, Rader and Associates, be and the same hereby is dismissed and that the property subject matter of the Plaintiffs’ mortgage foreclosure suit in this case was released from the lien claimed by the Defendants, Rader and Associates, on the 14th day of February, A.D. 1961, when the aforesaid bond was filed with and approved by the Clerk of the Circuit Court.”
The Florida Legislature, in 1959, passed Chapter 59-205, which was House Bill No. *784 1626, the short title of which provided: “This act constitutes the Florida Insurance code.” Chapter 26 of Chapter 59-205 provides 'for surety insurance contracts. Section 612 of this chapter, entitled “Bonds in judicial proceedings,” provides that:
* * * whenever it may become necessary for any party thereto to give a bond for any purpose, the bond of such party having as surety thereon any surety insurer authorized to do business in this state, may be accepted, by any officer or court whose duty is to approve such bond, without other surety. This section shall apply also to bonds given in connection with any appellate proceeding for the purpose of obtaining supersedeas, or for any other purpose.
“(2) Such surety insurer may become surety upon administrators’, executors’ and guardians’ bonds, and in such cases there need only be one surety upon such bonds.”
This code also provides for sureties upon official bonds.
Section 616 of Chapter 59-205 provides:
“Bonds for construction contracts; attorney fees in case of suit. — (1) Whenever a surety insurer becomes a surety on a contract bond or bonds for either private or public construction in this state, such bond or bonds shall be either:
“(a) A combination bond containing both performance and payment provisions and in an amount of not less than the total or estimated contract price, or
“(b) Separate bonds for performance and for payment, but in such instances both bonds shall be issued and each shall be in an amount of not less than fifty (50%) percent of the total or estimated contract price.
“(2) Section 477 (attorney fee) shall also apply as to suits brought by owners, subcontractors, laborers and material men against a surety insurer under payment or performance bonds written by the inr surer under the laws of Florida to indemnify such owners, subcontractors, laborers and material men against pecuniary loss by breach of a building or construction contract; * * * ”
We believe that Sections 627.0900 and 627.0901 of the Florida Statutes of 1959, F.S.A., referred to above, are broad enough to apply to all proceedings brought for the enforcement of liens without the addition of other sureties.
Finding no error, we affirm the court below.
Affirmed.
HOBSON, J., and OVERTON, BEN F., Associate Judge, concur.