BARKDULL, Judge
(dissenting).
I concur with the views expressed by the majority, with the exception of that portion which holds that American Casualty Company of Reading, Pennsylvania, was not a proper party to the lien foreclosure proceedings.
The law should not be ridiculous. When the mechanic’s lien was filed, the lienor had a right to seek redress in a court of chancery if he elected and, if successful, to secure a decree directing the amount of the payment of the indebtedness due him; and, in default of same, to have the property improved sold to satisfy the amount. When the property owner elected to transfer the lien to bond, pursuant to the provisions of § 184.24(2), Fla.Stat., F.S.A., the surety [which was obvidusly compensated] substituted its obligation to pay in place of the property encumbered. And, if the lien- or is successful in establishing its right to payment and if same is not forthcoming within a day certain, then it should have a right to go directly against the surety who joined in the issuance of the bond and caused the release of lien in the first instance. To say that the lienor must resort to an independent suit on the bond, when he has been successful in the original action, should not be countenanced by a court of equity. § 5396, C.G.L.1927 is distinguishable from the present § 84.24(2), Fla.Stat., F.S.A. The former related only to judgments and the latter section pertains to decrees as well as to judgments. Of course, in a common law action there is no procedure for foreclosure.
I would reverse the chancellor and direct that the surety is at least a proper party, if not a necessary party, to the lien foreclosure proceedings. In this connection, see: Crane Company v. Bradford Builders, Inc., Fla.App. 1960, 116 So.2d 794; West Plumbing and Heating Company v. Hurley, Fla.App.1964, 168 So.2d 328; Rader & Associates v. Seward Dredging Company, Inc., Fla.App.1966, 185 So.2d 782, [opinion filed April 29, 1966].